# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Charles Wideman, ) | Civil Action No. 2:21-0482-RMG |
|         Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| George Sink, Sr. and Robert E. Treacy, Jr., ) | |
|         Defendants. ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that this action be dismissed without prejudice for failure to effectuate service of process. (Dkt. No. 14.) For the reasons set forth below, the Court declines to adopt the R & R as the order of the Court.

## I. Background

Plaintiff proceeds *pro se* to bring this action against Defendants, who are attorneys at the George Sink, P.A. law firm. Plaintiff claims "false advertising, legal malpractice, fraud by intentional misrepresentation, breach of contract, breach of trust, breach of duty." He alleges that Defendants "used false advertising to secure my business and mis-handled my case and used my disabilities against me," including by failing to interview his physician relating to settlement requests. (Dkt. No. 1 at 4, 6.)

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and therefore the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### III.  Discussion

The Magistrate Judge recommends dismissing this action for failure to effectuate service. Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within (90) days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service to an appropriate period." Fed. R. Civ. P. 4(m).

The Magistrate Judge extended Plaintiff's service deadline to July 21, 2021. (Dkt. No. 12.) Plaintiff has provided documentation reflecting that on July 20, 2021, he certified mailed the summons to Defendants—addressed to Defendant Sink at the law office—and that on July 21, 2021, Kristy Parlor of the law office picked-up the mail from the postal facility and signed for it.[1] (Dkt. No. 16-1.) Certified mail with signature confirmation is sufficient service on an individual under the applicable Rules. *See* Fed. R. Civ. P. 4(e)(1) (providing that service on an individual within a judicial district may be done by following state law in the state where the district court is located); S.C. R. Civ. P. 4(d)(8) (providing that personal service is effective via

---

[1] *See* UNITED STATES POSTAL SERVICE TRACKING RESULTS, *available at* USPS.com® - USPS Tracking® Results, input tracking number "EJ 829 311 227 US" (last visited August 10, 2021).

service by certified mail on the date of delivery as shown on the return receipt). The Court therefore finds that Plaintiff effectuated service on the July 21, 2021 deadline.

## IV.  Conclusion

For the foregoing reasons, the Court **DECLINES TO ADOPT** the R & R (Dkt. No. 14) as the order of the Court. This matter is referred back to the Magistrate Judge for further proceedings.

**AND IT IS SO ORDERED.**

                    s/ Richard Mark Gergel
                    Richard Mark Gergel
                    United States District Judge

August 10, 2021
Charleston, South Carolina