# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Charles Wideman, ) | Civil Action No. 2:21-00482-RMG-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND** |
| George Sink, Sr. and Robert E. Treacy, Jr., ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, *pro se*, filed this civil action on February 16, 2021 alleging, *inter alia*, "false advertising[,] legal malpractice, fraud by intentional misrepresentation, breach of contract, breach of trust, [and] breach of duty." (Dkt. No. 1 at 4.) Currently before the Court are Defendants' Motion to Dismiss (Dkt. No. 25) and Plaintiff's Motion to Amend (Dkt. No. 28). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. For the reasons set forth below, the undersigned denies Plaintiff's Motion to Amend (Dkt. No. 28) and recommends that the Court grant Defendants' Motion to Dismiss (Dkt. No. 25).

## **BACKGROUND**

This case arises from a personal injury lawsuit initiated by Plaintiff in April 2018. (Dkt. No. 1 at 3.) Plaintiff was in a serious car accident and suffered injuries, including exacerbated symptoms from previously diagnosed conditions. (Dkt. No. 34 at 2–3.) Following the accident, Plaintiff was unable to work and hired Defendants to represent him in a lawsuit against the other driver involved in the accident. (Dkt. No. 1 at 3; Dkt. No. 34 at 2–4.)

1

Plaintiff alleges that "Defendants breached [their] contract involving [Plaintiff's personal injury] case" and that the case was "closed by harassment, intimidation and threats of dismissal." (Dkt. No. 1 at 3.) Plaintiff claims that Defendants violated 15 U.S.C. § 1125 through false advertising practices. (*Id*. at 4.) He alleges that Defendants "used false advertising to secure [his] business and mis-handled [his] case and used [his] disabilities against [him]." (*Id*. at 6.) He claims that Defendants promised him a settlement of no less than one million dollars but forced him to agree to a much lower amount. (*Id*.)

The Complaint brings causes of action against Defendants for: (1) "False / Mis-leading Advertising"; (2) "Breach of Contract"; (3) "Breach of Trust"; (4) "Breach of Duty"; (5) "Lack of Communication"; (6) "Negligence"; (7) "Mis-Representation"; (8) "Fraud"; (9) "Discrimination Section 1981"; (10) "Abuse of Power"; (11) "Harassment / Intimidation"; (12) "Violation of [] Civil Right to Due Process Guaranteed By Law"; (13) "Conspiracy / Collusion"; (14) "Abandonment"; (15) "Procrastination"; and (16) "Legal Malpractice." (Dkt. No. 1-1.)

On March 30, 2021, the Court entered an Order authorizing service of process. (Dkt. No. 7.) On July 6, 2021, the Court entered an Order explaining that Plaintiff had failed to file any documents with the Court indicating that service was executed by the June 28, 2021 deadline. (Dkt. No. 12.) The Court therefore ordered Plaintiff to execute service upon the Defendants by July 21, 2021. (*Id*.) On July 26, 2021, the undersigned issued a Report and Recommendation recommending that Plaintiff's claims against Defendants be dismissed without prejudice for lack of prosecution, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Dkt. No. 14.) On August 5, 2021, Plaintiff provided documentation reflecting that he certified mailed the summons to Defendants on July 20, 2021 (addressed to Defendant Sink at the law office), and that on July 21, 2021, Kristy Parlor of the law office picked up and signed for the mail. (Dkt. No. 16-1.)

Accordingly, the Court declined to adopt the undersigned's Report and Recommendation and referred the matter back to the undersigned for further proceedings. (Dkt. No. 17 at 3.)

On September 3, 2021, Defendants filed a Motion to Dismiss Plaintiff's claims, arguing that the Court lacks subject matter and personal jurisdiction, and that Plaintiff fails to state a claim upon which relief can be granted. (*See generally* Dkt. No. 25.) As an alternative to dismissal under Federal Rule of Civil Procedure 12(b), Defendants ask the Court to reconsider its August 10, 2021 Order declining to adopt the undersigned's Report and Recommendation that Plaintiff's case be dismissed for lack of prosecution. (*Id.*)

Plaintiff filed a Motion to Amend his Complaint on September 17, 2021. (Dkt. No. 28.) His proposed amended complaint includes the causes of action in his initial Complaint but eliminates all references to federal statutes. (*See generally* Dkt. No. 28.) The proposed amended complaint also attempts to add the following "counts": (1) "Human Rights Violations"; (2) "Violation of South Carolina 'Egg-shell Plaintiff Rule'"; (3) "PTSD"; (4) "Pain / Suffering"; (5) "Emotional Distress"; (6) "Anxiety"; (7) "Current and Future Medical Bills"; (8) "Other Current and Future Out of Pocket Expenses"; (9) "Loss of Income"; (10) "Loss of Future Earning Capacity"; (11) "Loss of Consortium"; (12) "Loss of Companionship"; and (13) "Loss of Enjoyment of Life." (*Id.* at 7–9.) Defendants filed a response in opposition to Plaintiff's Motion to Amend on October 1, 2021. (Dkt. No. 33.) Plaintiff did not reply.

On October 12, 2021, Plaintiff filed a response to Defendants' Motion to Dismiss. (Dkt. No. 34.) Defendants declined to reply to Plaintiff's response. The motions before the Court have been fully briefed and are ripe for disposition.

## STANDARDS

### I. Liberal Construction of Pro Se Complaint

Plaintiff brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### II. Rule 12(b)(1) Dismissal Standard

Defendants seek to dismiss Plaintiff's Complaint based primarily on Rule 12(b)(1) of the Federal Rules of Civil Procedure. Under this rule, a claim should be dismissed if it lacks subject matter jurisdiction. "It is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Zulveta v. State Auto. Mut. Ins., Co.*, No. 6:15-cv-2880-HMH-KFM, 2015 WL 9286698, at *3 (D.S.C. Nov. 30, 2015), *adopted*, 2015 WL 9305663 (D.S.C. Dec. 21, 2015), *appeal dismissed*, 668 F. App'x 33 (4th Cir. 2016) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992)). The Court must therefore presume that a cause of action lies outside of this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id*. (internal citations omitted).

4

When considering a motion to dismiss for lack of subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Friends of Dereef Park v. Nat'l Park Serv.*, No. 2:13-cv-03453-DCN, 2015 WL 12807782, at *4 (D.S.C. Apr. 13, 2015) (internal citations omitted).

Here, Plaintiff's claims were filed on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Generally, "the presence or absence of [a] federal question is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)); *see also Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006). "Federal-question jurisdiction is usually invoked by plaintiffs pleading a cause of action created by federal law." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 311 (2005).

### III. Rule 12(b)(6) Dismissal Standard

Defendants also argue that Plaintiff's Complaint should be dismissed for failure to state a claim on which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs.,*

*Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d). "Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider exhibits, without converting the motion to dismiss to one for summary judgment." *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 501 (D. Md. 2019) (citing *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015)). "In particular, a court may consider documents that are 'explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . .'" *Id*. (quoting *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)). The Court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166. "To be 'integral,' a document must be one 'that by its very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Brennan*, 361 F. Supp. 3d at 502 (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011)).

    **IV.  Rule 15(a) Amendment Standard**

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff, subject to certain time limitations, to amend a pleading once as a matter of course. *See* Fed. R. Civ. P. 15(a). Otherwise,

a plaintiff may amend the complaint only with leave of the court or with the consent of the defendant. *See id.*; *see also Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Rule 15(a) provides, however, that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber*, 438 F.3d at 426 (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999)). The Fourth Circuit has interpreted "Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber*, 438 F.3d at 426–27 (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). An amendment is futile when it is "clearly insufficient or frivolous on its face." *See Johnson*, 785 F.2d at 510 (referencing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980)); *see also City of Charleston, SC v. Hotels.com*, *LP*, 487 F. Supp. 2d 676, 679 (D.S.C. 2007) (same). To make this determination, the Court analyzes an amended complaint under Rule 12(b)(6). *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) ("In sum, the district court was justified in denying [plaintiff's] motion to amend her complaint because the proposed amendments could not withstand a motion to dismiss."); *Hall v. Greystar Mgmt. Servs., L.P.*, 637 F. App'x 93, 97 (4th Cir. 2016) ("An amendment is futile if the amended claim would fail to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).").

**DISCUSSION**

**I. Motion to Dismiss**[1]

Defendants first argue that Plaintiff's case should be dismissed under Federal Rule of Civil Procedure 12(b)(1). According to Defendants, 15 U.S.C. § 1125 (also known as the Lanham Act) "is the only federal statute Plaintiff raises as the basis for this Court's jurisdiction." (Dkt. No. 25 at 5.) Defendants contend that the Court must therefore "dismiss this action in its entirety" because Plaintiff lacks standing to bring a claim under this statute. (*Id*. at 4–5.)

Defendants are correct that Plaintiff lacks standing to bring a false advertising claim under 15 U.S.C. § 1125. Indeed, the Lanham Act is "a private remedy [for a] commercial plaintiff who meets the burden of proving that its commercial interests have been harmed by a competitor's false advertising." *Mylan Lab., Inc.*, 7 F.3d at 1139. To have standing under the Lanham Act, a plaintiff "must allege commercial injury based upon a misrepresentation about a product." *Barrus v. Sylvania*, 55 F.3d 468, 470 (9th Cir. 1995). A plaintiff must also demonstrate that such injury was "competitive, i.e., harmful to the plaintiff's ability to compete with the defendant." *Id*. (internal quotation marks and citation omitted).

Here, Plaintiff asserts that Defendants "used false advertising to secure [his] business." (Dkt. No. 1 at 6.) However, "a consumer does not have standing under the Lanham Act to sue for false advertising." *Made in the USA Found. v. Phillips Foods, Inc.*, 365 F.3d 278, 281 (4th Cir. 2004); *see also Foster v. Wintergreen Real Est. Co.*, 363 F. App'x 269, 275 (4th Cir. 2010) ("The

---

[1] The undersigned notes that Plaintiff has attached a letter from his wife and various "supporting documents" as exhibits to his response in opposition to Defendants' Motion to Dismiss. (Dkt. No. 34-1; Dkt. No. 34-2.) These "supporting documents" include his contract with Defendants, a signed settlement agreement, advertisements from Defendants' law firm, medical records, and documentation from his car accident. (*See generally* Dkt. No. 34-2.) However, none of the documents are explicitly incorporated into Plaintiff's Complaint by reference, nor are they integral to his Complaint. The documents also are not pertinent to the undersigned's consideration of Defendants' Motion to Dismiss, so the undersigned has not considered them. Nonetheless, consideration of the additional documents provided by Plaintiff would not change the undersigned's recommendations.

Fourth Circuit has squarely held that consumers do not have standing to sue under the Lanham Act."). Thus, Plaintiff lacks standing to sue Defendants under the Lanham Act and Plaintiff's claim under 15 U.S.C. § 1125 must therefore be dismissed. *See Foster*, 363 F. App'x at 275 (concluding that the district court "did not err in granting Defendants' motion to dismiss" because "as consumers, Plaintiffs lack standing to sue under the Lanham Act").

However, 15 U.S.C. § 1125 is not the only federal statute referenced in Plaintiff's Complaint that could give rise to this Court's jurisdiction. (*See generally* Dkt. No. 1.) Indeed, Plaintiff references 42 U.S.C. § 1981 and the Americans with Disabilities Act ("ADA").[2] (Dkt. No. 1-1 at 1.) To the extent Plaintiff alleges violations of these federal statutes, this Court has original jurisdiction over such claims. *See* 28 U.S.C. § 1331 (federal courts "have original jurisdiction of all civil actions arising under the Constitution [and] laws . . . of the United States"). Accordingly, the undersigned cannot agree that Plaintiff's case must be dismissed solely because Plaintiff does not have standing to bring a claim under 15 U.S.C. § 1125. The undersigned therefore considers whether Plaintiff's has other viable federal claims, below.[3]

Defendants contend that "[e]ven if the Court considers Plaintiff's passing reference[s] to other federal statutes . . . this Court must dismiss those claims for lack of subject matter jurisdiction as well." (Dkt. No. 25 at 5–6.) Defendants claim that the Court lacks subject matter jurisdiction over Plaintiff's § 1981 claim because he "fails to state a claim" under the statute. (*Id*. at 7.) They

---

[2] Plaintiff also claims that Defendants violated "Title 18, U.S.C., Section 242 – Deprivation of Rights Under Color of Law." (Dkt. No. 1-1 at 1.) However, 18 U.S.C. § 242 is a criminal statute that does not give rise to civil liability or authorize a private right of action. *See Beeson v. South Carolina*, No. 2:16-cv-1164-RMG-BM, 2016 WL 4394506, at *3 (D.S.C. July 13, 2016), *adopted sub nom. Beeson v. State of South Carolina*, 2016 WL 4370032 (D.S.C. Aug. 12, 2016).

[3] To the extent that Plaintiff asserts a violation of his "civil right to due process," any such claim fails because Defendants are not state actors. *See Belton v. Gormley*, No. 3:12-cv-1951-MBS-SVH, 2012 WL 5986483, at *3 (D.S.C. Aug. 3, 2012), *adopted*, 2012 WL 5985662 (D.S.C. Nov. 29, 2012) (explaining that plaintiff's references to due process violations were insufficient because defendants were not state actors); *see also Westmoreland v. Pleasant Valley Hosp., Inc.*, No. CIV A 3:08-1444, 2009 WL 1659835, at *2 (S.D.W. Va. June 12, 2009) ("In order to maintain a claim for due process under the U.S. constitution a governmental actor must be identified.").

also argue that the Court lacks subject matter jurisdiction over Plaintiff's ADA claim because he failed to exhaust his administrative remedies. (*Id*. at 6–7.)[4]

At the outset, the undersigned notes that Defendants discuss Plaintiff's failure to exhaust his administrative remedies under the ADA as a subject matter jurisdiction issue. (Dkt. No. 25 at 6.) However, the Supreme Court has established that administrative exhaustion is not a jurisdictional prescription delineating the adjudicatory authority of courts. *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1846 (2019). Rather, exhaustion remains mandatory in the sense that a court must enforce the rule if a party properly raises it. *Id*. Thus, the undersigned has analyzed Plaintiff's ADA claim under Rule 12(b)(6), the more appropriate standard. *See Okyere v. John Bean Techs. Corp.*, No. 5:20-cv-190-FL, 2020 WL 7625237, at *4 (E.D.N.C. Dec. 22, 2020) (evaluating plaintiff's ADA claims under Rule 12(b)(6) instead of Rule 12(b)(1) where parties made failure to exhaust arguments in Rule 12(b)(1) context).

In describing his ADA claim, Plaintiff alleges that Defendants "used [his] disabilities against [him]." (Dkt. No. 1-1 at 1.) In his response, Plaintiff describes that Defendant Treacy discriminated against him on account of his disability by "stating that [his] applying for disability forfeited [his] right to be compensated" in his personal injury lawsuit. (Dkt. No. 34 at 4.) Plaintiff also states that Defendants knew he was disabled when he hired them and reiterates that they nonetheless "turn[ed] around and use[d] [his] disabilities against [him]." (*Id*.) He provides no further detail in support of this claim.

---

[4] When analyzing Plaintiff's claims under 42 U.S.C. § 1981 and the Americans with Disabilities Act, Defendants seem to conflate the Rule 12(b)(1) and Rule 12(b)(6) standards. (Dkt. No. 25 at 6–7.) The undersigned has therefore considered each claim under both rules.

Based on the above, Plaintiff has failed to set forth a claim on which relief can be granted. The ADA provides, in relevant part,[5] that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. The "office of [a] . . . lawyer" is considered a public accommodation under the ADA. 42 U.S.C. § 12181. However, Plaintiff does not assert that he was deprived of an equal opportunity to enjoy the facilities or services of Defendants' law office. (*See generally* Dkt. No. 1; Dkt. No. 1-1; Dkt. No. 34.) Rather, Plaintiff claims that Defendants improperly handled the issue of his prior disabilities when representing him in his personal injury lawsuit and, possibly, that they improperly conceded that Plaintiff's application for disability benefits limited his ability to recover for the injuries he sustained during his accident. (*See generally* Dkt. No. 1; Dkt. No. 1-1; Dkt. No. 34.) These matters do not fall within the provisions of the ADA. *See* 42 U.S.C. §§ 12111–12117, §§ 12131–12165, §§ 12181–12189.[6] As such, the undersigned recommends that such claim be dismissed.

As for Plaintiff's § 1981 claim, he alleges:

> [T]his firm (Robert E. Treacy Jr.), stated to myself and witnesses, his fear or desire not to [proceed] with my case to court because South Carolina is a Republican state and Greenwood is a Republican county, therefore I could not win with Republicans on [the] jury. He would not have made such a presumptuous statement if I was a white man, even though I never disclosed any political affiliations he left it to his own prejudicial assumption.

(Dkt. No. 1-1 at 1.)

---

[5] Plaintiff does not have an employment relationship with Defendants and neither Defendant is a public entity, so Titles I and II do not apply. *See* 42 U.S.C. §§ 12111–12117, §§ 12131–12165. Thus, Plaintiff's only potential avenue for an ADA claim is Title III. *See* 42 U.S.C. §§ 12181–12189.

[6] Because Plaintiff has failed to state an ADA claim on which relief can be granted, he also cannot show that he properly exhausted such claim.

Section 1981 states that "[a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). Thus, to state a valid claim under § 1981, Plaintiff must allege that Defendants "intended to discriminate [against him] on the basis of [his] race." *Id.*; *see also Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006).

Here, Plaintiff does not allege that Defendants discriminated against him on account of his race. (Dkt. No. 1-1 at 1.) Rather, Plaintiff claims that Defendant Treacy assumed his political affiliation. (*Id.*, stating "even though I never disclosed any political affiliations he left it to his own prejudicial assumption.") His claim that Defendant Treacy "fear[ed] and desire[d] not to" proceed to trial in his personal injury case "because South Carolina is a Republican state and Greenwood is a Republican county," also does not indicate that Defendants discriminated against him. (*Id.*) Though Plaintiff states that Defendant Treacy "would not have made such a presumptuous statement if [he] was a white man," Plaintiff's own determination that Defendant Treacy's statement was motivated by race is not enough to make Plaintiff's race discrimination claim cognizable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a complaint does not suffice under Rule 8(a) if it tenders "naked assertions" or "labels and conclusions" without "further factual enhancement"); *see also Eastern Shore Mkts., Inc.*, 213 F.3d at 180. Regardless, Plaintiff has not alleged that he was treated differently or deprived of any right "enjoyed by white citizens." 42 U.S.C. § 1981(a). Thus, even construing all of Plaintiff's allegations as true, he has failed to state a § 1981 race discrimination claim under which relief can be granted, and the undersigned therefore recommends that such claim be dismissed.

Even viewing Plaintiff's allegations under the more liberal *pro se* pleading standard, the undersigned finds that Plaintiff's initial Complaint is subject to summary dismissal. As discussed above, Plaintiff's initial Complaint does not raise any plausible federal causes of action against Defendants. (*See generally* Dkt. No. 1; Dkt. No. 1-1.) Thus, without further explanation, the undersigned simply cannot distill a plausible federal claim from Plaintiff's initial Complaint and must therefore look to Plaintiff's proposed amended complaint to determine whether he can cure the pleading deficiencies in his initial Complaint and survive Defendants' Motion to Dismiss.[7]

**II. Motion to Amend**

Plaintiff's proposed amended complaint contains the causes of action in his initial Complaint but eliminates all references to federal statutes. (*See generally* Dkt. No. 28.) Plaintiff's amended complaint also includes new "counts" including: "Human Rights Violations," "Violation of South Carolina 'Egg-shell Plaintiff Rule,'" "PTSD," "Pain / Suffering," "Emotional Distress," "Anxiety," "Current and Future Medical Bills," "Other Current and Future Out of Pocket Expenses," "Loss of Income," "Loss of Future Earning Capacity," "Loss of Consortium," "Loss of Companionship," and "Loss of Enjoyment of Life." (Dkt. No. 28 at 7–9.)

First, the causes of action listed in Plaintiff's initial Complaint should be dismissed for the reasons set forth above. (*See supra* at 8–13.) Further, even construed broadly, Plaintiff's proposed amended complaint does not set forth a federal cause of action that would justify federal question jurisdiction, nor does it remedy the initial complaint's deficiencies. (*See generally* Dkt. No. 28.)

---

[7] As noted, Defendants also argue that Plaintiff never properly served Defendants as required under Rule 4 of the Federal Rules of Civil Procedure. Because the undersigned recommends that Plaintiff's Complaint be dismissed on other grounds, the undersigned declines to address this argument. However, the undersigned notes that, while Rule 12(b)(5) generally allows dismissal for improper service of process, this Court has found that Rule 4 service requirements should be liberally construed to ensure the opportunity for a trial on the merits. *See Heaton v. Stirling*, No. 2:19-CV-0540-RMG, 2020 WL 728604, at *2 (D.S.C. Feb. 13, 2020), *reconsideration denied*, 2020 WL 838468 (D.S.C. Feb. 18, 2020) (explaining dismissal is not necessary where the parties "have received actual notice of the suit and have not been prejudiced by the technical defect in service").

Rather, Plaintiff's proposed amended complaint eliminates all references to federal statutes and seeks to add several non-existent causes of action and a few additional state law claims. (*Id*.) Because Plaintiff's proposed amended complaint does not cure the deficiencies outlined above and does not offer an alternative basis for this Court's jurisdiction, the undersigned denies Plaintiff's motion as futile.

### III. State Law Claims

For the foregoing reasons, Plaintiff cannot sustain any federal causes of action. The undersigned therefore recommends the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. As noted by the Fourth Circuit, "once a district court has dismissed the federal claims in an action, it maintains 'wide discretion' to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction." *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 553 n. 4 (4th Cir. 2006) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 353-54 (1988)). A district court may decline to exercise supplemental jurisdiction over a claim under 28 U.S.C. § 1367(a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C § 1367(c)(3)-(4). When determining whether to exercise supplemental jurisdiction over state law claims, a district court should consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Cohill*, 484 U.S. at 350 n.7).

Here, the undersigned is unable to find that the parties would be substantially inconvenienced or unfairly prejudiced by declining to exercise supplemental jurisdiction over the remaining claims. Nor does the undersigned find there to be any underlying issues of federal policy involved in Plaintiff's state law claims—this action sounds in legal malpractice, a claim arising

under state law. The comity factor and considerations of judicial economy weigh in favor of declining to exercise supplemental jurisdiction. Indeed, state court is a much more appropriate venue for Plaintiff's claims, particularly in light of the fact that the Office of Disciplinary Counsel (which handles ethical complaints against South Carolina attorneys) is affiliated with the South Carolina state court system. For these reasons, the Court should decline to retain jurisdiction over Plaintiff's state law causes of action. *See*, *e,g.*, *Brown v. Phylbeck*, No. 4:18-cv-202-FL, 2019 WL 2745758, at *5 (E.D.N.C. July 1, 2019) ("[W]here plaintiff's state law claims substantially predominate over the federal claims in this action grounded in alleged attorney malpractice, the court in its discretion declines to exercise supplemental jurisdiction over plaintiff's state law claims."), *appeal dismissed sub nom. Brown v. Philbeck*, 788 F. App'x 913 (4th Cir. 2019).

## CONCLUSION

For the foregoing reasons, the undersigned **denies** Plaintiff's Motion to Amend (Dkt. No. 28). The undersigned **recommends** that the Court **grant** Defendants' Motion to Dismiss (Dkt. No. 25) and dismiss Plaintiff's case in full.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 19, 2021
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).