# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Charles Wideman, | Civil Action No. 2:21-0482-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| George Sink, Sr. and Robert E. Treacy, Jr., | |
| Defendants. | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that Defendants' motion to dismiss be granted. (Dkt. No. 41.) For the reasons set forth below, the Court adopts the R & R as the order of the Court.

I. **Background**

Plaintiff proceeds *pro se* to bring this action against Defendants, attorneys at the George Sink, P.A. law firm. Plaintiff claims "false advertising, legal malpractice, fraud by intentional misrepresentation, breach of contract, breach of trust, breach of duty." He alleges that Defendants "used false advertising to secure my business and mis-handled my case and used my disabilities against me," including by failing to interview his physician relating to settlement requests. (Dkt. No. 1 at 4, 6.)

II. **Legal Standard**

A. **Review of R & R**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and therefore the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.     Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject matter jurisdiction. When presented with a 12(b)(1) motion, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (determination of subject-matter jurisdiction "may be based on the court's review of the evidence"). "The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Friends of Dereef Park v. Nat'l Park Serv.*, No. 2:13-cv-03453-DCN, 2015 WL 12807782, at *4 (D.S.C. Apr. 13, 2015) (internal citations omitted). The plaintiff has the burden of proving that subject-matter jurisdiction exists. *See Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

### C.     Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the Complaint fails "to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 679. The district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). The court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations," but it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### III.    Discussion

Liberally construing Plaintiff's *pro se* pleading, *Estell v. Gamble*, 429 U.S. 97, 106 (1976), and in light of the fact that he filed no objections to the R & R, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that the claims should be dismissede. Defendants first argue that the complaint should be dismissed under Rule 12(b)(1). Plaintiff brought this action on the basis of federal question jurisdiction. (Dkt. No. 1 at 4.) Generally, "the presence or absence of [a] federal question is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006). "Federal-question jurisdiction is usually invoked by plaintiffs pleading a cause of action created by federal law." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 311 (2005).

Plaintiff's claims are for: (1) Human Rights Violations, (2) Violation of South Carolina Egg-shell Plaintiff Rule, (3) PTSD, (4) Pain/Suffering, (5) Emotional Distress, (6) Anxiety, (7) Current and Future Medical Bills, (8) Other Current and Future Out of Pocket Expenses, (9) Loss of Income, (10) Loss of Future Earning Capacity, (11) Loss of Consortium, (12) Loss of Companionship, and (13) Loss of Enjoyment of Life. (Dkt. No. 1 at 7-9.) As the Magistrate Judge notes, the complaint's reference to the Lanham Act is insufficient to invoke federal question jurisdiction because Plaintiff does not allege his "commercial interests have been harmed by a competitor's false advertising." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The complaint also references the Americans with Disabilities Act ("ADA"). Defendants argue that the ADA claim was not first administratively exhausted and therefore must be dismissed for lack of subject matter jurisdiction, which the Magistrate Judge properly addressed instead as dismissal for failure to state a claim under Rule 12(b)(6). *See, e.g.*, *Okyere v. John Bean Techs. Corp.*, No. 5:20-cv-0190-FL, 2020 WL 7625237, at *4 (E.D.N.C. Dec. 22, 2020) (evaluating ADA claim under Rule 12(b)(6) instead of Rule 12(b)(2) where failure to exhaust was raised). Plaintiff alleges that Defendants "used [his] disabilities against [him]" and argues that by "applying for disability [he] forfeited the right to be compensated" for his personal injury claims. (Dkt. Nos. 1-1 at 1, 34 at 4.) This allegation is insufficient to state a claim under the ADA upon which relief can be granted. The ADA provides that "[n]o individual shall be

discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. While a lawyer's office is "a place of public accommodation," Plaintiff's allegations that Defendants improperly handled his personal injury suit by conceding his disability benefits application do not fall within a cause of action brought under the ADA.

The complaint also references 42 U.S.C. § 1981. Section 1981 provides that "[a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." § 1981(a). To state a claim under § 1981, Plaintiff must allege that Defendants "intended to discriminate [against him] on the basis of [his] race." *Id*. The complaint makes no such allegations. Instead, Plaintiff asserts that Defendant Treacy did not take his case to trial in South Carolina because he assumed Plaintiff's political affiliations in a Republican state and county and speculates that Treacy made any such assumption on the basis of Plaintiff's race. As the Magistrate Judge noted, absent further factual allegation, this conclusory allegation fails to state a claim under § 1981 upon which relief can be granted.

For these reasons, the Court finds that the Magistrate Judge correctly determined that Defendants' motion to dismiss should be granted.

**IV.    Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 41) as the order of the Court. Defendants' motion to dismiss (Dkt. No. 25) is **GRANTED**.

-6-

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

December 6, 2021
Charleston, South Carolina